UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROWENA HUI,<br><br>                     Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>                     Defendant. | Case No.: 17cv776-CAB-RBB<br><br>**ORDER GRANTING MOTION TO DISMISS [Doc. No. 2]** |

On April 25, 2017, defendant Social Security Administration/United States of America filed a motion to dismiss. [Doc. No. 2.] More than six weeks have passed, and plaintiff has not filed an opposition.

Civil Local Rule 7.1.e.2. requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing. Failure to comply with these rules "may constitute a consent to the granting of a motion." Civ. Local R. 7.1.f.3.c. District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion). Before dismissing an action for failure to comply with local rules, the district

court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Ghazali,* 46 F.3d at 53 (*quoting Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). That plaintiff is proceeding pro se in this action does not excuse her failure to follow the rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

Here, defendant attached a proof of service to its motion, signaling that plaintiff was served at the address provided on the face of her complaint. [Doc. No. 2-2.] Moreover, plaintiff was provided adequate time to prepare a response. The notice of motion set a hearing for May 30, 2017, resulting in a response deadline for plaintiff of May 16, 2017, approximately three weeks after defendant's motion was filed on April 25, 2107. Almost one month has passed since then and still plaintiff has not filed an opposition. Thus, the Court finds that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendant" all weigh in favor of granting the motion to dismiss. *See Ghazali*, 46 F.3d at 53. Accordingly, the majority of the *Ghazali* factors weigh in favor of dismissal.

In light of the foregoing, it is hereby **ORDERED** that defendant's motion to dismiss [Doc. No. 2] is **GRANTED**. It is further **ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE**.

It is **SO ORDERED**.

Dated: June 12, 2017

Hon. Cathy Ann Bencivengo
United States District Judge